IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| GREGORY J. LAMMERT, JAMIE LAMMERT, LARRY REASONS, and SUSAN REASONS,<br><br>Plaintiffs,<br><br>v.<br><br>AUTO-OWNERS (MUTUAL) INSURANCE COMPANY,<br><br>Defendant. | Civil Action No. 3-17-cv-00819<br><br>Waverly D. Crenshaw, Jr.<br>Barbara D. Holmes<br><br>JURY DEMANDED |

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION OF AN ISSUES CLASS AND FOR EXTENSION OF TIME TO FILE ANY FURTHER OR OTHER CLASS CERTIFICATION MOTIONS UNDER LOCAL RULE 23.01(B)**

Pursuant to Rule 23(c)(4) of the Federal Rules of Civil Procedure, Plaintiffs Gregory J. Lammert and Jamie Lammert, and Larry and Susan Reasons (collectively "Plaintiffs") move for an order certifying an issues class, and an extension of time to file any other or further class certification motions under Local Rule 23.01(b). Plaintiffs currently seek certification of a Rule 23(b)(3) liability class defined as:

> All persons and legal entities, insured under an Auto-Owners (Mutual) Insurance Company (Auto-Owners) Homeowners, Dwelling or property insurance policy form, and who received an "actual cash value" ("ACV") payment from Auto-Owners for direct physical loss to a dwelling or other structure located in the State of Tennessee, and in which the cost of labor has been withheld in whole or in part (or as described by Auto-Owners as "depreciated") as reflected within an Xactimate estimate used by Auto-Owners to calculate the corresponding ACV payment. The proposed class excludes any person or entities whose applicable suit limitation clause for ACV claims within their respective Auto-Owners' policy had expired at the time of the filing of the Complaint in the instant action, but includes any person or entity so affected through the date of final disposition of

this matter.[1] The proposed class includes any policyholder who received no ACV payment from Auto-Owners solely because the withholding of labor depreciation caused the value of the claim to drop below the applicable deductible.

The present class certification request is limited pursuant to Rule 23(c)(4) to resolution of the following three questions of law:

1. Whether Auto-Owners' policy language allows Auto-Owners to depreciate removal or reinstallation labor costs in its calculation of ACV payments;

2. Whether the foregoing policy language is ambiguous, and, if so, how Auto-Owners' insurance policies should be interpreted; and

3. Whether Auto-Owners' depreciation of labor within its ACV payments breaches the foregoing language within its insurance policies.

Plaintiffs request that they each be appointed class representatives, and that their counsel be appointed as class counsel. In support of their motion, Plaintiffs state:

1. Local Rule 23.01(b) requires that a motion for class certification be filed within sixty (60) days of the filing of a complaint, absent an extension of good cause. The complaint in this lawsuit was filed on May 9, 2017, and the deadline for filing a class certification motion is July 10, 2017.

2. Rule 23(c)(4) provides that a lawsuit may be brought or maintained as a class action with respect to particular legal issues when doing so would materially advance the litigation as a whole.

3. In an effort to materially advance the litigation as a whole, pursuant to Rule 23(c)(4), Plaintiffs now seek to certify a class identified above (hereinafter the "Issues Class"). The Issues Class would resolve the preliminary questions concerning Auto-Owners' liability for

---

[1] Further excluded from the class are the members of the judiciary and their staff to whom this action is assigned; Auto-Owners and its affiliates, officers and directors; all persons who make a timely election to be excluded from the proposed Class, any policyholder who received the full limits of applicable coverage and Plaintiffs' counsel and any policyholder whose claim was the subject of an individual lawsuit.

breaching its contractual duty to pay Plaintiffs and members of the proposed class the ACV of their claims by unlawfully withholding / "depreciating" labor repair costs from ACV payments.

4. Upon resolving some or all of the certified liability issues, and if resolution results in favorable rulings for the class members, the Court could thereafter certify a Tennessee Damages and Injunctive Relief Class. Even if the Court did not certify a damages and injunctive relief class, at the least, an Issues Class would permit individual class members to rely upon the preclusive effect of the determination that Auto-Owners' custom and practice of depreciating labor costs in calculating ACV payments is unlawful to then individually litigate specific issues such as damages.

5. An Issues Class is properly brought and should be maintained as a class action under Rule 23(a) as the class action prerequisites of numerosity, commonality, typicality, and adequacy are easily satisfied. Additionally, Rule 23(b)(3) predominance and superiority are satisfied as to the common legal issues presented.

6. Numerosity under Rule 23(a)(1) is satisfied because the proposed class members number in the thousands based upon Auto-Owners' market-share and loss ratios for property insurance policies within the State of Tennessee.

7. Commonality under Rule 23(a)(2) is satisfied because questions of law are common to all members of the class under the terms of the standard form insurance policies.

8. Typicality under Rule 23(a)(3) is satisfied because the legal questions presented herein arise from standard operating procedures under standard form insurance contracts.

9. Adequacy under Rule 23(a)(4) is satisfied because Plaintiffs will fairly and adequately represent and protect the interests of the Issues Class and have retained counsel who are competent and experienced in class action and / or insurance litigation.

3

10. The Issues Class under Rule 23(b) in this case is a superior means of proceeding. Pursuant to Rule 23(b)(3), the specific legal issues sought to be certified predominate over any legal issues affecting only individual class members. Class treatment will allow a large number of similarly-situated policyholders to litigate common legal questions simultaneously, efficiently, and without the undue duplications of effort, evidence, and expense that several individual lawsuits would induce; individual joinder of the individual members is wholly impracticable; and the court system would benefit from an issues class action because individual litigation would overload court dockets and magnify the delay and expense to all parties. An issues class action presents no management difficulties and provides the benefit of comprehensive supervision by a single court with economies of scale. Further, the public interest in protecting the rights of consumers favors disposition of the controversy in the class action form.

11. Plaintiffs should be afforded relief from filing any other or further class certification motions within the deadline imposed by Local Rule 23.01(b) because this action is in its infancy, no response to the operative complaint has been received or is due to be received, and no discovery has been permitted to date under the Federal Rules of Civil Procedure. Plaintiffs therefore request that the time afforded to them to file any other or further class certification motion be extended for a period of at least six months.

12. Plaintiff concurrently files a supporting memorandum, which is adopted herein by reference.

WHEREFORE, Plaintiffs Gregory J. Lammert and Jamie Lammert and Larry and Susan Reasons move for an order certifying the proposed issues class, appointing the Plaintiffs as class representatives, appointing Brandon McWherter, T. Joseph Snodgrass, David McMullan, Jr., and Don Barrett as class counsel, providing an extension of time to file any other or further class

certification motions for at least six months under Local Rule 23.01(b), and providing all other relief requested, that is just, and to which Plaintiffs or the class may be entitled.

Dated: July 10, 2017

Respectfully submitted,

LARSON • KING, LLP

By: s/ T. Joseph Snodgrass
T. JOSEPH SNODGRASS (admitted *pro hac vice*)
30 East Seventh St., Suite 2800
St. Paul, MN 55101
(651) 312-6500
jsnodgrass@larsonking.com

and

J. BRANDON McWHERTER - #21600
GILBERT RUSSELL MCWHERTER
SCOTT & BOBBITT, PLC
341 Cool Springs Blvd, Suite 230
Franklin, TN 37067
(615) 354-1144
bmcwherter@gilbertfirm.com

and

DAVID McMULLAN, JR. (admitted *pro hac vice*)
DON BARRETT (admitted *pro hac vice*)
DON BARRETT, P.A.
404 Court Square
Lexington, MS 39095
(662) 834-2488
dmcmullan@barrettlawgroup.com

***Attorneys for Plaintiffs and
Putative Class Representatives***

1628052

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing, **PLAINTIFFS' MOTION FOR CLASS CERTIFICATION OF AN ISSUES CLASS AND FOR EXTENSION OF TIME TO FILE ANY FURTHER OR OTHER CLASS CERTIFICATION MOTIONS UNDER LOCAL RULE 23.01(B)**, was filed and served on July 10, 2017 via the Court's ECF filing system which will send electronic notices of same to all counsel of record:

Todd A. Noteboom
Jeffrey G. Mason
STINSON LEONARD STREET LLP
150 South Fifth Street
Suite 2300
Minneapolis, MN 55402
(612) 335-1894
todd.noteboom@stinson.com
jeffrey.mason@stinson.com

John S. Hicks
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
211 Commerce Street
Suite 800
Nashville, TN 37201
(615) 726-7337
jhicks@bakerdonelson.com

Zane A. Gilmer
STINSON LEONARD STREET LLP
6400 South Fiddlers Green Circle
Suite 1900
Greenwood Village, CO 80111
(303) 376-8416
zane.gilmer@stinson.com

s/ T. Joseph Snodgrass
T. Joseph Snodgrass