IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

---

GREGORY J. LAMMERT, JAMIE
LAMMERT, LARRY REASONS,
and SUSAN REASONS,

            Plaintiffs,

v.

AUTO-OWNERS (MUTUAL)
INSURANCE COMPANY,

            Defendant.

Civil Action No. 3-17-cv-00819

Waverly D. Crenshaw, Jr.
Barbara D. Holmes

JURY DEMANDED

---

**PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

---

Pursuant to Rule 23(e)(1)-(2) of the Federal Rules of Civil Procedure, Plaintiffs Gregory J.

Lammert, Jamie Lammert and Susan Reasons (collectively "Plaintiffs") respectfully move for an

order certifying this case as a class action solely for purposes of preliminarily approving a

settlement agreement, and further ordering preliminary approval in accordance with the terms and

conditions set forth in the proposed preliminary approval order, attached as Exhibit A to the

Settlement Agreement filed concurrently herewith.

Defendant will not oppose this motion.[1]  For purposes of preliminarily approving the

Settlement Agreement only, Plaintiffs seek certification of a class defined as follows:

---

[1] As the Settlement makes clear, however, Auto-Owners contends (and Plaintiffs dispute) that
whether a policyholder has been underpaid can only be determined after a review of the individual
facts and circumstances of each claim, and Auto-Owners' decision to settle this dispute reflects a
business decision on its part to avoid the costs and uncertainties of continued litigation. This
Settlement imposes an obligation to pay withheld depreciation without determining whether a

All Auto-Owners' property insurance policyholders who made a structural damage claim for property in the State of Tennessee during the class period, which

(a) resulted in a Net Actual Cash Value Payment from which "non-material depreciation" was withheld from the policyholder; or

(b) would have resulted in a Net Actual Cash Value Payment but for the withholding of "non-material depreciation" causing the loss to drop below the applicable deductible.

<u>Class Period</u>

The class period will vary by the type of coverage form in place for each policyholder, as follows:

      a.     All policyholders with applicable claims having a date of loss on or after March 9, 2016 for property policies with a one-year "suit limitations" clause;

      b.     All policyholders with applicable claims having a date of loss on or after March 9, 2015 for property policies with a two-year "suit limitations" clause.

<u>Exclusions</u>

The proposed class excludes the following:

      a.     Claims arising under the following Auto-Owners Policy Forms:

          1.     "Labor Permissive" forms,[2] including Forms 15542 (7-19), 57911 (7-19), and 57912 (7-19);
          2.     "Builders Risk" coverage forms, including Forms CP 00 20 10 90; 16690 (7-14), 16691 (7-14), and 16695 (7-13);

      b.     Any claims for which the applicable limits of insurance were exhausted by the initial actual cash value payment.

      c.     The Court, its staff, Plaintiffs' counsel, Defendant and its affiliates, officers and directors.

---

settling class member was underpaid and, based on this approach, Auto-Owners agrees that a class may be certified here for settlement purposes.

[2] "Labor Permissive" forms are the forms identified in the text above. These publicly-filed forms were approved for use by the Tennessee Commissioner of Insurance on September 19, 2019, and state in relevant part that "depreciation … includes … the cost of … labor" when calculating actual cash value.

"Non-material depreciation" means, in the Xactimate estimating software platform, the amount of depreciation attributable to the selection of "Depreciate Non-Material," "Depreciate Overhead and Profit" and/or "Depreciate Removal."

"Net Actual Cash Value Payment" means a payment, for structural damage claims, of the actual cash value of the loss minus the applicable deductible.

Also for purposes of preliminarily approving the Settlement Agreement, Plaintiffs further request that they each be appointed class representatives, and that the undersigned counsel be appointed as counsel for the class. In support of their motion, Plaintiffs state and show as follows:

1.      To satisfy the requirements of Rule 23(e) for class certification, a proposed class must satisfy the four requirements stated in Rule 23(a)—that is, numerosity, commonality, typicality, and adequacy of representation—as well as one of the three bases for class certification stated in Rule 23(b). Because the request for class certification arises in the context of a settlement, however, the Court need not analyze whether trial would present intractable management problems. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997). Here, all requirements necessary for preliminary approval of a settlement have been satisfied.

2.      Numerosity under Rule 23(a)(1) is satisfied because there are between 6,000 and 7,000 claims at issue in this proposed class, and multiple class members (*e.g*., spouses) can share a single claim.

3.      Commonality under Rule 23(a)(2) is satisfied because there are questions of law or fact common to all members of the class including but not limited to the single, predominating question presented— and resolved by the Tennessee Supreme Court's decision in this case.

4.      Typicality under Rule 23(a)(3) is satisfied because Plaintiffs and the proposed additional class representatives made claims under their Auto-Owners standard-form insurance policies, and Auto-Owners withheld labor in making actual cash value payments to them. The

proposed class representatives' claims arise from the underpayment of their actual cash value claims, and their claims are identical in all respects to the claims of the class.

5.      Adequacy under Rule 23(a)(4) is satisfied because Plaintiffs have fairly and adequately represented and protected the interests of the class. Plaintiffs have no interests that conflict with those of the class. Further, they have retained counsel who are competent and experienced in class action and insurance litigation.

6.      As required by Rule 23(b)(3), questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Predominance is satisfied because, *inter alia*, the predominating question in this lawsuit for purposes of certification remains the legal issues addressed by the Tennessee Supreme Court in this case. Superiority is satisfied because of, *inter alia*, the thousands of small value claims at issue and the interests of the parties and judicial economy.

7.      Pursuant to the 2018 amendments to Rule 23(e)(1)(B), a proposed settlement agreement should be preliminarily approved so long as the moving parties demonstrate that the court will "likely be able to" grant final approval to the settlement. These amendments codify existing practice.

8.      Pursuant to Rule 23(e)(3), Plaintiffs state that the only agreement at issue is Class Action Settlement Agreement filed on February 18, 2020.

8.      Under Rule 23(e)(2), a proposed settlement can be approved based upon adequacy of representation considerations, the existence of arms-length negotiations and the terms of the settlement in the context of adequacy, the risks of the litigation, fairness to the putative class amongst themselves and in terms of distribution of class member claims and in terms of the

4

attorneys' fees.  These factors largely mirror the factors analyzed by the Sixth Circuit.  *In re Packaged Ice Antitrust Litig.*, 2018 WL 4520931 at \*6 (6th Cir. May 24, 2018).

7.      As more fully set forth in the accompanying Memorandum, the Settlement is appropriate for preliminary approval.  In summary, the Settlement provides that Auto-Owners will pay, on a claims-paid basis (*i.e.*, no reversion and no requirement of submission of a claim form), <u>one hundred percent (100%)</u> of all class members' outstanding withheld non-material depreciation. There are an estimated 5,000 to 6,000 class members who will receive payments for previously withheld depreciation. A small portion of this aggregate amount will be shared with so-called "interest only" class members, estimated to be approximately 1,000 additional class members. Auto-Owners will also cease its practice of withholding such amounts from ACV payments under policy forms that do not authorize the same.  The Settlement Class does not include any policyholder that is not eligible for a payment under this Settlement Agreement.

WHEREFORE, for these reasons and those set forth the accompanying Memorandum lf Law, Plaintiffs Gregory J. Lammert, Jamie Lammert and Susan Reasons move for an order consistent with the proposed preliminary approval order attached as Exhibit A to the Settlement Agreement, filed concurrently herewith.

5

Dated:  February 18, 2020

Respectfully submitted,

By: *s/ J. Brandon McWherter*
J. BRANDON McWHERTER - #21600
McWHERTER SCOTT & BOBBITT, PLC
341 Cool Springs Blvd, Suite 230
Franklin, TN  37067
(615) 354-1144
bmcwherter@gilbertfirm.com

T. JOSEPH SNODGRASS (admitted *pro hac vice*)
LARSON • KING, LLP
30 East Seventh St., Suite 2800
St. Paul, MN  55101
(651) 312-6500
jsnodgrass@larsonking.com

*Attorneys for Plaintiffs and*
*Putative Class Representatives*


## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and exact copy of the foregoing was filed electronically and that notice of this filing will be sent electronically via the Court's electronic filing system on this the 18th day of February, 2020 to all counsel of record:

Todd A. Noteboom
Peter J. Schwingler
Zane A. Gilmer
STINSON LEONARD STREET LLP
50 South Sixth Street
Suite 2600
Minneapolis, MN 55402
todd.noteboom@stinson.com
zane.gilmer@stinson.com
peter.schwingler@stinson.com

John S. Hicks
Charles C. McLaurin
BAKER, DONELSON, BEARMAN, CALDWELL &
BERKOWITZ, PC
211 Commerce Street
Suite 800
Nashville, TN 37201
jhicks@bakerdonelson.com
cmclaurin@bakerdonelson.com


*s/ J. Brandon McWherter*

6