IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| GREGORY J. LAMMERT and JAMIE LAMMERT, LARRY REASONS, and SUSAN REASONS,<br><br>Plaintiffs,<br><br>v.<br><br>AUTO-OWNERS (MUTUAL) INSURANCE COMPANY,<br><br>Defendant. | Civil Action No. 3:17-cv-00819<br><br>Judge Crenshaw<br>Magistrate Judge Holmes<br><br>JURY DEMANDED |

## PRELIMINARY APPROVAL ORDER

Pending is Plaintiffs' unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. No. 165). The Representative Plaintiffs, on behalf of themselves and on behalf of a proposed Settlement Class, and Defendant, have agreed, subject to Court approval, to settle this litigation upon the terms and conditions stated in the Settlement Agreement filed concurrently with the Court (the "Agreement"). Upon consideration of the Parties' filings and all of the proceedings had in this matter to date, the Court finds as follows:

### Preliminary Approval of Settlement Agreement

1. The Representative Plaintiffs, Gregory J. Lammert, Jamie Lammert, and Susan Reasons, and the Defendant, Auto-Owners (Mutual) Insurance Company, have reached an agreement to settle the claims in this Lawsuit (the "Proposed Settlement").

All defined terms contained herein shall have the same meanings as set forth in the Agreement.

2. The Proposed Settlement is preliminarily approved as fair, adequate, and reasonable, and Plaintiffs' motion for preliminary approval of the Proposed Settlement is hereby **GRANTED** in all material respects, subject to further consideration at the Final Approval Hearing. The Court finds that the Agreement was entered into at arm's length by experienced counsel and is sufficiently within the range of reasonableness that notice of the Proposed Settlement should be given as set forth in the Agreement.

### Class Certification

3. The Court preliminarily finds that, for purposes of approving this settlement, the proposed Settlement Class meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure, and Plaintiffs' motion to provisionally certify a class for settlement purposes is **GRANTED**. The Court hereby certifies the following class for settlement purposes (the "Settlement Class"):

> All Auto-Owners' property insurance policyholders who made a structural damage claim for property in the State of Tennessee during the class period, which
>
> (a) resulted in a Net Actual Cash Value Payment from which "non-material depreciation" was withheld from the policyholder; or
>
> (b) would have resulted in a Net Actual Cash Value Payment but for the withholding of "non-material depreciation" causing the loss to drop below the applicable deductible.
>
> Class Period
>
> The class period will vary by the type of coverage form in place for each policyholder, as follows:
>
>     a. All policyholders with applicable claims having a date of loss on or after March 9, 2016 for property policies with a one-year "suit limitations" clause;
>
>     b. All policyholders with applicable claims having a date of loss on

or after March 9, 2015 for property policies with a two-year "suit limitations" clause.

Exclusions

The proposed class excludes the following:

    a.    Claims arising under the following Auto-Owners Policy Forms:

        1.    "Labor Permissive" forms,[1] including Forms 15542 (7-19), 57911 (7-19), and 57912 (7-19);
        2.    "Builders Risk" coverage forms, including Forms CP 00 20 10 90; 16690 (7-14), 16691 (7-14), and 16695 (7-13);

    b.    Any claims for which the applicable limits of insurance were exhausted by the initial actual cash value payment.

    c.    The Court, its staff, Plaintiffs' counsel, Defendant and its affiliates, officers and directors.

"Non-material depreciation" means, in the Xactimate estimating software platform, the amount of depreciation attributable to the selection of "Depreciate Non-Material," "Depreciate Overhead and Profit" and/or "Depreciate Removal."

"Net Actual Cash Value Payment" means a payment, for structural damage claims, of the actual cash value of the loss minus the applicable deductible.

4.    The Court finds that provisional certification of the Settlement Class is warranted pursuant to the terms of the Agreement because: (a) the Class members are so numerous that joinder is impracticable; (b) the Representative Plaintiffs' claims present common issues and are typical of the Settlement Class; (c) the Representative Plaintiffs and Class Counsel (as defined below) will fairly and adequately represent the Settlement Class; and (d) common issues predominate over any individual issues affecting the Settlement Class. The Court also finds settlement of this Lawsuit on a class basis is superior to other means of resolving the matter.

---

[1] "Labor Permissive" forms are the forms identified in the text above. These publicly-filed forms were approved for use by the Tennessee Commissioner of Insurance on September 19, 2019, and state in relevant part that "depreciation … includes … the cost of … labor" when calculating actual cash value.

Certification of the Settlement Class is conditional upon the Parties' compliance with their obligations pursuant to this Order and the Agreement.

### Appointment of Class Counsel and Representative Plaintiffs

5. Gregory Lammert, Jamie Lammert, and Susan Reasons are approved as representatives of the Class (the "Representative Plaintiffs"), and the Court, having determined that the adequacy requirements of Rule 23 are fully satisfied, appoints the following attorneys for Plaintiffs as counsel for the Class ("Class Counsel"):

| | |
|---|---|
| J. Brandon McWherter | T. Joseph Snodgrass |
| McWherter Scott & Bobbitt, PLC | Larson King LP |
| 341Cool Springs Blvd., Ste. 230 | 30 E. 7th St. |
| Franklin, TN  37067 | Saint Paul, MN  55101 |

### Appointment of Class Administrator

6. Rust Consulting, Inc. (the "Administrator") is appointed to serve as third-party Notice Administrator for the Settlement and to perform such duties as ordered by the Court pursuant to the terms of the Agreement.

### Notice to Potential Members of the Settlement Class

7. The parties have prepared Class Notices to notify all potential Members of the Settlement Class of the Agreement and the Proposed Settlement. The Class Notices include a written Individual Notice as well as publication of relevant information regarding the Proposed Settlement on a website. The Court has reviewed and approves the Individual Notice form. Counsel for the parties, along with the Notice Administrator, are authorized to complete any missing information and to make any non-substantive revisions to these documents, as necessary to fulfill the purposes of the Agreement.

8. Within thirty (30) days of entry of this Order, Defendant shall ascertain, using claims payment data maintained in the ordinary course of business, the contact information for the

Settlement Class, including name, last-known address, last-known e-mail address, and phone number to the Notice Administrator and Class Counsel. The Notice Administrator shall then search the National Change of Address Database for a more current name and/or address for each such insured. The Notice Administrator shall send a copy of the Class Notice by first-class mail and e-mail to each policyholder identified by Defendant as described in herein. The Notice Administrator will use its best efforts to complete the mailing and e-mailing not less than sixty (60) days prior to the Final Approval Hearing. Individual Notices returned as undeliverable to the Notice Administrator shall be promptly logged by the Notice Administrator and handled in accordance with paragraph 6 of the Agreement.

9. The Notice Administrator shall also fulfill all other forms of notice and perform such other actions as required by paragraphs 5-8 of the Agreement. Specifically, in addition to the written Individual Notice, the Notice Administrator shall create, monitor, and maintain a Website that will contain information on the Proposed Settlement, relevant pleadings, the instructions for submitting opt-out requests, a copy of the Individual Notice, and a copy of the Agreement (including exhibits).

10. At or before the Final Approval Hearing, the Parties shall file a proof of mailing the Individual Notice and a statement of the Notice Administrator's compliance with the terms of the Agreement, from the Administrator.

11. The Court finds that the Class Notices described herein and more particularly in the Agreement satisfy the requirements of due process and Fed. R. Civ. P. 23. The Class Notices are reasonably calculated to appraise Members of the Settlement Class of the pendency of the Lawsuit and of their right to object to or opt-out of the Proposed Settlement; constitute due, adequate, and sufficient notice to all persons or policyholders entitled to receive notice; and meet

the requirements of the Federal Rules of Civil Procedure, and the requirements of due process under the United States Constitution and the Tennessee Constitution, and the requirements of any other applicable rules or law.

### **Final Approval Hearing, Opt-Outs, and Objections**

12. The Court will hold a Final Approval Hearing to consider the fairness, reasonableness, and adequacy of the Proposed Settlement at **September 29, 2020**, **at 3:00 p.m.** at the United States District Courthouse, Nashville, Tennessee. This date shall be set forth in the Class Notices. Upon a showing of good cause, the Final Approval Hearing may be postponed, adjourned, or scheduled by Order of the Court without further notice to the Settlement Class. Any rescheduled date for the Final Approval Hearing will be posted on the Website. All briefs and materials in support of an Order for final approval shall be filed with the Court no later than ten (10) days prior to the Final Approval Hearing.

13. Members of the Settlement Class who wish to exclude themselves from the Settlement Class must mail a written, signed opt-out request, pursuant to the instructions posted on the Website and in the Individual Notice, to the Notice Administrator no later than sixty (60) days after the mailing of the Individual Notice by the Notice Administrator.

14. All Members of the Settlement Class who do not properly opt-out in accordance with the Agreement will be irrevocably bound by all proceedings, orders, and judgments in the Lawsuit.

15. Members of the Settlement Class who do not request exclusion from the Settlement Class may object to the Proposed Settlement by filing with the Court and delivering to the Notice Administrator written notice of the objection, as provided in the Agreement, no later than sixty (60) days after the mailing of the Individual Notice by the Notice Administrator. To be effective,

the written notice of intent to object to the Proposed Settlement must: (i) include the objecting party's full name, address, telephone number and other information needed to confirm that the objecting party is a member of the Settlement Class as defined above; (ii) advise whether the objector intends to appear at the Final Approval Hearing; and (iii) identify each specific objection, as well as its basis and any legal support for each objection. All objections must be filed with the Court and served upon designated Class Counsel and counsel for the Defendant no later than sixty (60) days after the mailing of the Individual Notice by the Notice Administrator.

16. No person shall be entitled in any way to contest the approval of the terms and conditions of this Settlement Agreement or the Final Approval Order except by filing and serving written objections in accordance with the provisions of this Order and the Agreement. Any Member of the Settlement Class who fails to exclude himself or herself from the Settlement Class in accordance with this Agreement, or who fails to object in the manner prescribed, shall be deemed to have waived, and shall be foreclosed forever from raising objections or asserting any claims arising out of, related to, or based in whole or in part on any of the facts or matters alleged, or which could have been alleged, in the Lawsuit.

### Other Provisions

17. If the Proposed Settlement is terminated pursuant to paragraph 15 of the Agreement, then this preliminary approval and provisional certification of the Settlement Class shall be automatically vacated without the requirement of any motion or further order of the Court, in which event the Agreement and the fact that it was entered into shall not be offered, received or construed as an admission or as evidence for any purpose.

18. Pending a final determination of whether the Proposed Settlement should be approved as fair, reasonable, and adequate, no Member of the Settlement Class shall bring a new

alleged class action or attempt to amend an existing action to assert any class claims that would be released pursuant to the Agreement.

19. The costs of Class Notice shall be initially borne by Class Counsel and reimbursed from the common fund in accordance with the Agreement. The Notice Administrator will provide Defendant and Class Counsel such reasonable access to the notice process as they many need to monitor compliance with this Agreement.

20. The Proposed Settlement is preliminarily approved as fair, reasonable, adequate, and in the best interest of the Members of the Settlement Class. The Parties and the Notice Administrator are directed to implement the terms of the Proposed Settlement in accordance with the Agreement.

21. Upon a showing of good cause, the Court may extend of the deadlines set forth in this Order and the Agreement without further notice to the Settlement Class.

22. Except as necessary to implement the Proposed Settlement or to otherwise effectuate the terms of the Agreement, this Lawsuit is stayed pending further Order of the Court.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE