IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

_____

| | |
|---|---|
| GREGORY J. LAMMERT, JAMIE LAMMERT, LARRY REASONS, and SUSAN REASONS,  Plaintiffs, | Civil Action No. 3-17-cv-00819  Waverly D. Crenshaw, Jr. Barbara D. Holmes  JURY DEMANDED |
| v. | |
| AUTO-OWNERS (MUTUAL) INSURANCE COMPANY,  Defendant. | |

_____

**PLAINTIFFS' UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT**
_____

Pursuant to Rule 23(e)(1)-(2) of the Federal Rules of Civil Procedure, Plaintiffs Gregory J. Lammert, Jamie Lammert and Susan Reasons (collectively "Plaintiffs") respectfully move the Court for an order certifying this case as a class action solely for purposes of settlement, and further ordering final approval in accordance with the terms and conditions set forth in the proposed Final Approval Order. Defendant will not oppose this motion.[1]

For the purpose of final approval of the Settlement Agreement, Plaintiffs seek certification of a class defined as follows:

___

[1] As the Settlement makes clear, however, Auto-Owners contends (and Plaintiffs dispute) that whether a policyholder has been underpaid can only be determined after a review of the individual facts and circumstances of each claim, and Auto-Owners' decision to settle this dispute reflects a business decision on its part to avoid the costs and uncertainties of continued litigation. This Settlement imposes an obligation to pay withheld depreciation without determining whether a settling class member was underpaid and, based on this approach, Auto-Owners agrees that a class may be certified here for settlement purposes.

All Auto-Owners' property insurance policyholders who made a structural damage claim for property in the State of Tennessee during the class period, which

(a) resulted in a Net Actual Cash Value Payment from which "non-material depreciation" was withheld from the policyholder; or

(b) would have resulted in a Net Actual Cash Value Payment but for the withholding of "non-material depreciation" causing the loss to drop below the applicable deductible.

Class Period

The class period will vary by the type of coverage form in place for each policyholder, as follows:

    a.    All policyholders with applicable claims having a date of loss on or after March 9, 2016 for property policies with a one-year "suit limitations" clause;

    b.    All policyholders with applicable claims having a date of loss on or after March 9, 2015 for property policies with a two-year "suit limitations" clause.

Exclusions

The proposed class excludes the following:

    a.    Claims arising under the following Auto-Owners Policy Forms:

        1.    "Labor Permissive" forms,[2] including Forms 15542 (7-19), 57911 (7-19), and 57912 (7-19);
        2.    "Builders Risk" coverage forms, including Forms CP 00 20 10 90; 16690 (7-14), 16691 (7-14), and 16695 (7-13);

    b.    Any claims for which the applicable limits of insurance were exhausted by the initial actual cash value payment.

    c.    The Court, its staff, Plaintiffs' counsel, Defendant and its affiliates, officers and directors.

"Non-material depreciation" means, in the Xactimate estimating software platform, the amount of depreciation attributable to the selection of "Depreciate Non-Material," "Depreciate Overhead and Profit" and/or "Depreciate Removal."

---

[2] "Labor Permissive" forms are the forms identified in the text above. These publicly-filed forms were approved for use by the Tennessee Commissioner of Insurance on September 19, 2019, and state in relevant part that "depreciation … includes … the cost of … labor" when calculating actual cash value.

"Net Actual Cash Value Payment" means a payment, for structural damage claims, of the actual cash value of the loss minus the applicable deductible.

In support of their motion, Plaintiffs state and show as follows:

1. To satisfy the requirements of Rule 23(e) for final approval of a class certification settlement, notice of the proposed settlement must issue to the putative class after preliminary approval, the Court must certify the class, the parties must identify all agreements related to the settlement, the court must approve the settlement under the factors enumerated in Rule 23e(B)(2) and the Court must consider any objections to the settlement.

2. As is addressed by the Declaration Jessica Jenkins filed concurrently herein, notice of the proposed settlement has now been issued to putative class members.

3. As is addressed in the Memorandum of Law filed concurrently herewith, the four requirements stated in Rule 23(a) (numerosity, commonality, typicality, and adequacy of representation) and the predominance requirement of Rule 23(b) are satisfied.

4. Numerosity under Rule 23(a)(1) is satisfied because notice issued to 4,155 potential claimants, and multiple class members (*e.g.*, spouses) can share a single claim.

5. Commonality under Rule 23(a)(2) is satisfied because there are questions of law or fact common to all members of the class including but not limited to the single, predominating question presented— and resolved by the Tennessee Supreme Court's decision in this case.

6. Typicality under Rule 23(a)(3) is satisfied because Plaintiffs and the proposed additional class representatives made claims under their Auto-Owners standard-form insurance policies, and Auto-Owners withheld labor in making actual cash value payments to them. The proposed class representatives' claims arise from the underpayment of their actual cash value claims, and their claims are identical in all respects to the claims of the class.

7. Adequacy under Rule 23(a)(4) is satisfied because Plaintiffs have fairly and adequately represented and protected the interests of the class. Plaintiffs have no interests that conflict with those of the class. Further, they have retained counsel who are competent and experienced in class action and insurance litigation.

8. As required by Rule 23(b)(3), predominance is satisfied because, *inter alia*, the predominating question in this lawsuit for purposes of certification remains the legal issue addressed by the Tennessee Supreme Court in this case. Superiority is satisfied because of, *inter alia*, the thousands of small value claims at issue and the interests of the parties and judicial economy.

9. Pursuant to Rule 23(e)(3), Plaintiffs state that the only agreement at issue is the Class Action Settlement Agreement filed on February 18, 2020.

10. Under Rule 23(e)(2), a proposed settlement can be approved based upon adequacy of representation considerations, the existence of arms-length negotiations and the terms of the settlement in the context of adequacy, the risks of the litigation, fairness to the putative class amongst themselves and in terms of distribution of class member claims and in terms of the attorneys' fees. These factors largely mirror the factors analyzed by the Sixth Circuit. *In re Packaged Ice Antitrust Litig.*, No. 17-2137, 2018 WL 4520931, at *6 (6th Cir. May 24, 2018).

11. As more fully set forth in the accompanying Memorandum, the Settlement is appropriate for final approval. In summary, the Settlement provides that Auto-Owners will pay, on a claims-paid basis (*i.e.*, no reversion and no requirement of submission of a claim form), <u>one hundred percent (100%)</u> of all class members' outstanding withheld non-material depreciation. There are 1,963 class members who will receive payments for previously withheld depreciation. A small portion of this aggregate amount will be shared with 2,192 so-called "interest only" class

members. Auto-Owners will also cease its practice of withholding such amounts from ACV payments under policy forms that do not authorize the same. The Settlement Class does not include any policyholder that is not eligible for a payment under this Settlement Agreement.

12. No objection has been submitted in opposition to the proposed settlement.

WHEREFORE, for these reasons and those set forth the accompanying Memorandum of Law, Plaintiffs Gregory J. Lammert, Jamie Lammert and Susan Reasons move for an order consistent with the proposed final approval order attached as Exhibit C to the Settlement Agreement, filed on February 18, 2020. Dkt. 166-4, PageID.12725.

Dated: January 19, 2021				Respectfully submitted,

							By: *s/ J. Brandon McWherter*
							J. BRANDON McWHERTER - #21600
							McWHERTER SCOTT & BOBBITT, PLC
							341 Cool Springs Blvd, Suite 230
							Franklin, TN 37067
							(615) 354-1144
							brandon@msb.law

							T. JOSEPH SNODGRASS (admitted *pro hac vice*)
							LARSON • KING, LLP
							30 East Seventh St., Suite 2800
							St. Paul, MN 55101
							(651) 312-6500
							jsnodgrass@larsonking.com

							*Class Counsel*

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and exact copy of the foregoing was filed electronically and that notice of this filing will be sent electronically via the Court's electronic filing system on this the 19th day of January, 2021 to all counsel of record:

| | |
|---|---|
| Todd A. Noteboom | John S. Hicks |
| Peter J. Schwingler | Charles C. McLaurin |
| Zane A. Gilmer | BAKER, DONELSON, BEARMAN, CALDWELL & |
| Timothy P. Griffin | BERKOWITZ, PC |
| STINSON LEONARD STREET LLP | 211 Commerce Street |
| 50 South Sixth Street | Suite 800 |
| Suite 2600 | Nashville, TN 37201 |
| Minneapolis, MN 55402 | jhicks@bakerdonelson.com |
| todd.noteboom@stinson.com | cmclaurin@bakerdonelson.com |
| zane.gilmer@stinson.com | |
| peter.schwingler@stinson.com | |
| timothy.griffin@stinson.com | |

*s/ J. Brandon McWherter*