# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| GREGORY J. LAMMERT, JAMIE LAMMERT, LARRY REASONS, and SUSAN REASONS,<br><br>Plaintiffs,<br><br>v.<br><br>AUTO-OWNERS (MUTUAL) INSURANCE COMPANY,<br><br>Defendant. | No. 3-17-cv-00819 |

## DEFENDANT AUTO-OWNERS (MUTUAL) INSURANCE COMPANY'S RESPONSE IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT

Defendant Auto-Owners (Mutual) Insurance Company ("Defendant") respectfully submits this Response in support of the Motion for Final Approval of the Class Action Settlement.

## INTRODUCTION

On June 4, 2020, this Court granted preliminary approval of a proposed class settlement in the above-captioned action and directed the parties to proceed with the notice and claims process described in the parties' Class Action Settlement Agreement and Release (the "Settlement"). ECF No. 170. The plan for notifying class members of the Settlement (the "Notice Plan") is complete, and the time for opts-outs and objections to the Settlement has expired. *See* ECF No. 170 and Declaration of Jessica Jenkins at ECF 181. Because the Settlement is fair, reasonable, and adequate, and because the notice process complied with Rule

1

23 and due process, Defendant hereby requests that the Court grant final approval of the Settlement and issue judgment.

## BACKGROUND

The Court granted preliminary approval of the Settlement on June 4, 2020. ECF No. 170 at p. 2. In doing so, the Court found that the Settlement appeared to be fair, reasonable, adequate, and was entered into at arm's length by experienced counsel. *Id.* at ¶¶ 2, 20. The Court further approved the Notice Plan, appointed Rust Consulting, Inc. ("Rust") to serve as Claims Administrator, and directed Rust to implement the Notice Plan. *Id.* at pp. 4-6.

Rust has completed the Notice Plan, and the time to object or opt out of the class has expired. *See* ECF No. 170 and 181. Rust has provided direct mail notice to all potential class members; provided email notice to all potential class members for whom Defendant has email addresses; and established and maintained a toll-free telephone helpline and a Settlement website (www.LammertLaborDepreciation.com) to provide notice to the Settlement Class of the proposed Settlement. ECF No. 181.

The parties now seek final approval of the Settlement.

## ARGUMENT

**I. LEGAL STANDARD**

A court should only grant final approval of a class action settlement if it is "fair, reasonable and adequate," Fed. R. Civ. P. 23(e)(2), and if the class satisfied the requirements of Rule 23 and due process. *Phillips Petroleum Co. v. Schutts*, 472 U.S. 797, 812-13 (1985). These standards have been met, as explained below and in Plaintiffs' Memorandum in Support of Final Approval. Defendant therefore requests that the Court grant final approval of the Settlement.

## II. THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE

Sixth Circuit courts assess fairness, reasonableness, and adequacy using the following factors: "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *In re Packaged Ice Antitrust Litig.*, No. 17-2137, 2018 WL 4520931, at *6 (6th Cir. May 24, 2018). "Of these, the most important factor is the probability of success on the merits. The likelihood of success, in turn, provides a gauge from which the benefits of the settlement must be measured." *Id.* (quotation omitted).

### A. *The Likelihood of Success, Compared to the Benefits of the Settlement*

The Settlement benefits are fair and reasonable in light of the considerable risks that Plaintiffs and the Settlement Class faced at the time of the settlement. In particular, Defendant contended that whether a policyholder had been underpaid could only be determined based on a review of the individual facts and circumstances of each claim, providing a substantial hurdle to a finding of liability and class certification. Moreover, Defendant had numerous legal and factual defenses to the Settlement Class Members' claims to pre-judgment interest. As a result, members of the Settlement Class faced a real risk of recovering nothing if they continued to litigate.

Particularly against this backdrop, the Settlement provides substantial value to Settlement Class Members. The Settlement provides that Defendant will pay 100% of all class members' alleged outstanding withheld non-material depreciation. ECF No. 168. This payment will be used to pay class members, attorneys' fees, and the costs of claims administration. *Id.* Defendant has also implemented certain changes to its claims procedures. *Id.* These benefits are substantial, particularly in light of the risks of continued litigation.

### B. The Risk of Fraud or Collusion

"Courts presume the absence of fraud or collusion in class action settlements unless there is evidence to the contrary." *Leonhardt v. ArvinMeritor, Inc.*, 581 F. Supp. 2d 818, 838 (E.D. Mich. 2008); *Bowers v. Windstream Ky. East, LLC*, 2013 WL 5934019, at *2 (W.D. Ky. Nov. 1, 2013). Here, there is no evidence of fraud.

### C. The Complexity, Expense, and Likely Duration of Litigation; and the Amount of Discovery

The Settlement was reached after years of active litigation, including an appeal to the Tennessee Supreme Court, two motions to dismiss, extensive discovery, expert discovery, dispositive and non-dispositive motion practice, and arms-length negotiations. *See* Plaintiffs' Memorandum in Support of Preliminary Approval at ECF No. 166 at pp. 2-3. Were this case to continue, the case would involve further summary judgment and *Daubert* motions and, if the case survived, a lengthy trial. All of these facts support final approval of the Settlement.

### D. The Opinions of Class Counsel and Class Representatives

As explained in Plaintiffs' Memorandum in Support of Preliminary Approval, Class counsel and class representatives are pleased with the Settlement. ECF No. 166 at pp. 20-21. Moreover, after filing their motion for preliminary approval, class counsel audited 102 randomly selected claims and, as a result, have verified that class members' settlement awards were calculated reliably. This, too, counsels in favor of final approval.

### D. The Reaction of Absent Class Members

Not a single class member has objected to the Settlement, and only two individuals have opted out of the Settlement Class. ECF No. 181 at ¶ 14. These facts support final approval of the Settlement.

### F. *The Public Interest*

"There is a strong public interest in encouraging settlement of complex litigation and class action suits because they are notoriously difficult and unpredictable and settlement conserves judicial resources." *Dick v. Sprint Commc'ns Co., LLC*, 297 F.R.D. 283, 297 (W.D. Ky. 2014).

In sum, the Settlement is fair, reasonable, and adequate.

## III. THE NOTICE PLAN SATISFIED RULE 23 AND DUE PROCESS

The Notice Plan complies with Rule 23 and due process, as the Court has already concluded. ECF 170 at ¶ 11. Class notice has been sent by mail to the best-known address of each Class Member, and only a handful of those notices have not been successfully delivered. ECF No. 181 at ¶¶ 4-11. Additionally, notice was sent to approximately 25% of class members by email, *id.* at ¶ 6, and notice has been continuously maintained on a website. *Id.* at ¶ 3. Consequently, the notice requirements of Rule 23 and due process have been satisfied.

## CONCLUSION

For the reasons set forth above and in Plaintiffs' Memorandum in Support of Final Approval, Defendant respectfully requests that the Court grant final approval of the Settlement.

Respectfully submitted,

Dated: January 19, 2021

*/s/ John S. Hicks*
John S. Hicks, TN BPR No. 10478
Charles C. McLaurin, TN BPR No. 34352
Baker, Donelson, Bearman, Caldwell &
Berkowitz, P.C.
211 Commerce Street, Suite 800
Nashville, Tennessee 37201
(615) 726-7337
jhicks@bakerdonelson.com
cmclaurin@bakerdonelson.com

Todd A. Noteboom (admitted *pro hac vice*)
Peter J. Schwingler (admitted *pro hac vice*)
Timothy P. Griffin (admitted *pro hac vice*)
Stinson LLP
50 South Sixth Street, Suite 2600
Minneapolis, Minnesota 55402
(612) 335-1500
todd.noteboom@stinson.com
peter.schwingler@stinson.com
timothy.griffin@stinson.com

*Attorneys for Defendant Auto-Owners (Mutual) Insurance Company*

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 19, 2021, a true and correct copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt:

J. Brandon McWherter
Gilbert Russell McWherter Scott Bobbitt, PLC
341 Cool Springs Boulevard
Suite 230
Franklin, Tennessee 37067
bmcwherter@gilbertfirm.com

T. Joseph Snodgrass
Larson King, LLP
30 East Seventh Street
Suite 2800
St. Paul, Minnesota 55101
jsnodgrass@larsonking.com

David McMullan, Jr.
Don Barrett
Don Barrett, P.A.
404 Court Square
Lexington, Mississippi 39095
dmcmullan@barrettlawgroup.com

                                                    */s/ John S. Hicks*
                                                    John S. Hicks