UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GREGORY J. LAMMERT, <br> JAMIE LAMMERT, <br> LARRY REASONS and <br> SUSAN REASONS, <br>   Plaintiffs, <br> v. <br> AUTO-OWNERS (MUTUAL) <br> INSURANCE COMPANY, <br>   Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   NO. 3:17-cv-00819 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## FINAL JUDGMENT AND ORDER APPROVING CLASS ACTION SETTLEMENT

Plaintiffs' Unopposed Motion for Final Approval of Class Settlement (Doc. No. 175), Motion for Service Awards and Awards of Attorneys' Fees, Costs, and Expenses to Class Counsel (Doc. No. 177) are before the Court for ruling. The Representative Plaintiffs Gregory J. Lammert, Jamie Lammert, and Susan Reasons ("Representative Plaintiffs") and Defendant Auto-Owners (Mutual) Insurance Company ("Auto-Owners") have agreed—subject to Court approval—to settle this litigation pursuant to the terms and conditions stated in the Settlement Agreement (the "Agreement") filed with the Court on March 11, 2020. (Doc. No. 168) (hereinafter referred to as the "Settlement"). On January 29, 2021, the Court held a final approval hearing on the motions.

  1. Representative Plaintiffs filed the operative complaint, the Second Amended Class Action Complaint (the "Complaint"), alleging *inter alia* that Auto-Owners breached its contracts with insureds by depreciating non-materials when calculating actual cash value payments for structural damage claims. (Doc. No. 83). Auto-Owners disputed the claims made against it, and

denied any liability.

2. After years of litigation and arms-length negotiations between Class Counsel and Auto-Owners' counsel, the Parties reached a settlement that provides substantial benefits to the Settlement Class, in return for a release and dismissal of the claims at issue against Auto-Owners. Class Counsel was well positioned to evaluate the benefits of the Settlement, taking into account the expense, risk, and uncertainty of trial and protracted appeal in light of the questions of law and fact presented.

3. Plaintiffs and Auto-Owners executed the Agreement on February 18, 2020.

4. The Agreement, incorporated by reference in this Final Order and Judgment, and the definitions and terms set forth in the Agreement are hereby adopted and incorporated and will have the same meanings in this Final Order and Judgment.

5. On March 11, 2020 Plaintiffs filed with the Court the Agreement, along with a Motion for Preliminary Approval of the Proposed Settlement. (Doc. No. 168).

6. On June 4, 2020, the Court entered its Preliminary Approval Order ("Preliminary Approval Order"), approving the Settlement, certifying the Settlement Class for settlement purposes, and scheduling a hearing for September 29, 2020 to consider final approval of the Settlement and other actions described in the Preliminary Approval Order and the Agreement ("Final Approval Hearing") (Doc. No. 170). The Final Approval Hearing was ultimately rescheduled for January 29, 2021. (Doc. No. 174).

7. As part of its Preliminary Approval Order, the Court conditionally certified for settlement purposes a settlement class ("Settlement Class") defined as follows:

> All Auto-Owners' property insurance policyholders who made a structural damage claim for property in the State of Tennessee during the class period, which

(a) resulted in a Net Actual Cash Value Payment from which "non-material depreciation" was withheld from the policyholder; or

(b) would have resulted in a Net Actual Cash Value Payment but for the withholding of "non-material depreciation" causing the loss to drop below the applicable deductible.

<ins>Class Period</ins>

The class period will vary by the type of coverage form in place for each policyholder, as follows:

a. All policyholders with applicable claims having a date of loss on or after March 9, 2016 for property policies with a one-year "suit limitations" clause;

b. All policyholders with applicable claims having a date of loss on or after March 9, 2015 for property policies with a two-year "suit limitations" clause.

<ins>Exclusions</ins>

The proposed class excludes the following:

a. Claims arising under the following Auto-Owners Policy Forms:

    1. "Labor Permissive" forms,[1] including Forms 15542 (7-19), 57911 (7-19), and 57912 (7-19);

    2. "Builders Risk" coverage forms, including Forms CP 00 20 10 90; 16690 (7-14), 16691 (7-14), and 16695 (7-13);

b. Any claims for which the applicable limits of insurance were exhausted by the initial actual cash value payment.

c. The Court, its staff, Plaintiffs' counsel, Defendant and its affiliates, officers and directors.

"Non-material depreciation" means, in the Xactimate® estimating software platform, the amount of depreciation attributable to the selection of "Depreciate Non-Material," "Depreciate Overhead and Profit" and/or

---

[1] "Labor Permissive" forms are the forms identified in the text above. These publicly-filed forms were approved for use by the Tennessee Commissioner of Insurance on September 19, 2019, and state in relevant part that "depreciation … includes … the cost of … labor" when calculating actual cash value.

3

> "Depreciate Removal."
>
> "Net Actual Cash Value Payment" means a payment, for structural damage claims, of the actual cash value of the loss minus the applicable deductible.

8. On January 19, 2021, Plaintiffs moved the Court for Final Approval of the terms of the Agreement and for the entry of this Final Order and Judgment. (Doc. No. 175). In support, Representative Plaintiffs submitted, inter alia, evidence showing: the dissemination and adequacy of the Class Notice; the establishment of a settlement Website; the names of Class Members who, per the terms of the Agreement, submitted a timely and proper request for exclusion from the Settlement Class; the negotiation of the Agreement; the fairness, reasonableness, and adequacy of the Agreement; and the fairness, reasonableness, and adequacy of Class Counsel's Application for Fees. In support of the Motion for Final Approval, Plaintiffs submitted a Brief in Support, setting forth argument and authority along with exhibits. (Doc. No. 176).

9. In addition, on January 19, 2021, Plaintiffs filed a Motion for Service Awards and Awards of Attorneys' Fees, Costs, and Expenses to Class Counsel, which included evidence of the fairness and reasonableness of those requests, as well as argument and authority. (Doc. No. 177-178). Subsequently, on January 28, 2021 and as requested by the Court (Doc. No. 185), Plaintiffs also filed a supplemental brief and declarations of Class Counsel applying the lodestar method to Class Counsel's request for attorney's fees, as well as declarations of the Class Representatives.

10. The Parties and the Notice Administrator have satisfactorily demonstrated that the Class Notice was mailed, and that a settlement Website was established in accordance with the Agreement and Preliminary Approval Order. (Doc. No. 181).

11. The Court further finds that all notices concerning the Settlement required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715 et seq., have been sent and that the Parties and the Notice Administrator have fully complied with the notice requirements under that Act.

12. The Settlement Agreement provides substantial monetary benefits to Class Members, with Class Counsel advancing the costs of notice and Auto-Owners bearing the costs and expense associated with calculating and administering payments. The Settlement requires no claims form in order to receive payment, which will be sent on a "claims paid" basis as opposed to a "claims made" basis.

13. The Settlement Agreement further provides for the cessation of certain claims handling practices in the State of Tennessee, under policies that do not expressly state that "labor" may be subject to depreciation, subject to certain reservations of rights in the event of a change of Tennessee law as more fully set forth in the Agreement.

14. All potential Class Members were provided an opportunity to request exclusion from the Settlement and Lawsuit, as provided in the Agreement. The Court finds that the individual interests of the two Class Members who timely sought exclusion from the Settlement Class are preserved and that no Class Member was precluded from being excluded from the Class if he or she so desired. Those Class Members who timely and properly excluded themselves from the Class are identified in the attached **Exhibit 1.**

15. Class Members who did not timely file and serve an objection in writing to the Agreement, to the entry of this Final Judgment, or to Class Counsel's application for fees, in accordance with the procedure set forth in the Agreement and in the Preliminary Approval Order, are deemed to have waived any such objection through any appeal, collateral attack, or otherwise. There were no objections to the Settlement.

16. At the Final Approval Hearing, the Court considered, among other matters described herein, (a) whether certification of the Settlement Class for settlement purposes was appropriate under Rule 23 of the Federal Rules of Civil Procedure; (b) the fairness, reasonableness, and the

adequacy of the Agreement; and (c) the fairness and reasonableness of Class Counsel's Application for Fees, Expenses and Representative Plaintiff Service Awards under applicable law. The Court evaluated not only the pleadings, evidence, and arguments of Class Counsel and Auto-Owners' counsel, but also evaluated the Agreement and Class Counsel's Motion for Service Awards and Awards of Attorneys' Fees, Costs and Expenses (Doc. No. 177), including supplemental information requested by the Court (Doc. No. 185).

17. On the basis of the record before the Court and the Agreement, the Court is of the opinion that the Settlement is a fair, reasonable, and adequate compromise of the claims against Auto-Owners, pursuant to Rule 23 of the Federal Rules of Civil Procedure. Specifically, the Court finds that:

   a. The liability issues in this Lawsuit and the suitability of this Lawsuit for continued certification of a litigation class have been contested;

   b. The Settlement has the benefit of providing substantial benefits to Class Members now, without further litigation, under circumstances where the liability issues are still vigorously contested among the Parties and the outcome of any class trial or appeal remain uncertain;

   c. The Settlement is clearly a byproduct of adversary litigation between the Parties and arms-length negotiation and not a result of any collusion on the part of Class Counsel or Auto-Owners; and

   d. Class Counsel's request for an award of reasonable fees and reimbursement of expenses is reasonable, fair, and in all respects consistent with the terms of the Agreement.

Therefore, on the basis of the foregoing findings of fact and the findings at the Final Approval Hearing, the Court hereby rules as follows:

1. The Court has personal jurisdiction over the Plaintiffs, Auto-Owners, and Class Members; venue is proper; and the Court has subject matter jurisdiction, including without limitation, jurisdiction to approve the Agreement, to grant final certification of the Settlement

Class, to settle and release all claims arising out of the Lawsuit as set forth in the Agreement, and to enter this Final Order and Judgment and dismiss this Lawsuit on the merits with prejudice.

2. The Court concludes that the Settlement Class meets all the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process under the United States Constitution, and all other applicable rules and law, and the Settlement Class this Court previously preliminarily certified in its Preliminary Approval Order is hereby finally certified as a settlement class action. In connection with the settlement class certification ruling, the Court specifically finds that the numerosity, commonality, typicality and adequacy requirements of Rule 23(a)(1) are satisfied, as are the requirements of Rule 23(b)(3) to the extent necessary to support the certification of a settlement class. The Court further finds that the Representative Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class for the purposes of entering into and implementing the Proposed Settlement, as required by Rule 23(a)(4), and Class Counsel meets the standard for appointment set forth in Rule 23(g)(1) and (4).

3. Based on the Court's review of the evidence submitted and arguments of counsel, the Court finds and concludes that the Class Notice was mailed to potential Class Members in accordance with the provisions of the Preliminary Approval Order, and together with the settlement Website: (i) constituted, under the circumstances, the most effective and practicable notice of the pendency of the Lawsuit, this Agreement, and the Final Approval Hearing to all Class Members who could be identified through reasonable effort; and (ii) met all requirements of the Federal Rules of Civil Procedure, the requirements of due process under the United States Constitution, and the requirements of any other applicable rules or law.

4. The Final Approval Hearing and record before the Court clearly support a finding that the Agreement was entered into in good faith after arms-length negotiations between Representative

7

Case 3:17-cv-00819   Document 190   Filed 02/01/21   Page 7 of 10 PageID #: 12992

Plaintiffs and Auto-Owners.

5. The Court finds that approval of the Agreement and the Settlement will result in substantial savings in time and resources to the Court and will further the interests of justice. Further, the Court finds that the Agreement is fair, reasonable, and adequate to, and in the best interests of, members of the Settlement Class, based on discovery, due diligence, and the absence of objections.

6. The notice campaign was highly successful and resulted in notice being mailed to approximately 4,132 Class Members, only two persons requested exclusion from the Settlement Class, and no Class Members filed objections to the Agreement. The lack of substantial exclusion requests, no opposition by a well-noticed Settlement Class strongly supports the fairness, reasonableness, and adequacy of the Settlement.

7. Class Counsel's requests for attorney's fees, costs, and expenses, as well as the request for service awards to the Representative Plaintiffs, to be paid through pro rata reduction in class member principal payments, are fair and "reasonable under the circumstances." Accordingly,

    A. Plaintiffs' Motion for Final Approval (Doc. No. 175) is hereby **GRANTED**. The Agreement is hereby finally approved in all respects. The Parties to the Agreement are directed to consummate the Agreement.

    B. Pursuant to Rule 23(a) and (g) of the Federal Rules of Civil Procedure, Plaintiffs Gregory Lammert, Jamie Lammert, and Susan Reasons are appointed as the Representative Plaintiffs for this Settlement Class, and the following counsel are appointed as counsel for the settlement Class ("Class Counsel"):

| | |
|---|---|
| J. Brandon McWherter | T. Joseph Snodgrass |
| McWherter Scott & Bobbitt, PLC | Larson King LP |
| 341 Cool Springs Blvd., Ste. 230 | 30 E. 7th St. |
| Franklin, TN 37067 | Saint Paul, MN 55101 |

C. Plaintiffs' Motion for Service Awards and Awards of Attorneys' Fees, Costs and Expenses to Class Counsel (Doc. No. 177) is hereby **GRANTED IN PART**. Pursuant to Rule 23(h), the Court awards Class Counsel attorneys' fees in the amount of $683,313.91 and costs incurred, including for the class notice in the amount of $91,432.46. In addition, the Court awards each of the Representative Plaintiffs a total amount of $10,500.00 for Mr. and Mrs. Lammert and $10,500.00 for Mr. and Mrs. Reasons  The Court finds that these amounts are fair and reasonable.  Auto-Owners shall deduct such fees and expenses from the Class Members recovery on a *pro rata* basis pursuant to the terms of the Agreement. Auto-Owners shall not be responsible for and shall not be liable with respect to the allocation among Class Counsel or any other person who may assert a claim thereto, for attorneys' fees and expenses awarded by the Court.

D. Payments to Class Members shall be made in the amounts, within the time period, and in the manner described in the Agreement.

E. This Court shall retain exclusive continuing jurisdiction over this Action for purposes of:

    i) Enforcing the Agreement and the Settlement;

    ii) Any other matters related or ancillary to any of the foregoing.

F. This is a final order.  The Clerk shall close this file.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

**Exhibit 1**
**List of Opt-Outs**

1. Betty J. Holland (Jackson, TN)
2. Robin Watts (South Pittsburg, TN)